IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DALE MICHAEL LLOYD DENNEY,

                          Petitioner,

          v.                                CASE NO. 08-3131-SAC

RAY ROBERTS, et al.,

                          Respondents.


O R D E R

     Petitioner filed an application for a writ of habeas corpus
under 28 U.S.C. § 2241, alleging the Kansas Department of
Corrections is breaching a 1990 program agreement with petitioner by
requiring him to complete a second round of the Sex Offender
Treatment Program after petitioner had reoffended.  After directing
petitioner to show cause why this matter should not be dismissed
because petitioner's allegations involved only issues of state law
and thus presented no federal claim appropriate for review under §
2241, the court dismissed the petition, rejecting petitioner's
attempt to bootstrap the alleged violations of state law into claims
of constitutional deprivation.

     Petitioner filed a motion for reconsideration, which the court
treated as a timely filed motion under Fed.R.Civ.P. 59(e).  On
December 23, 2008, the court denied the motion.

     Before the court is petitioner's motion to reopen his case.

Petitioner points to language by this court and the Kansas Court of Appeals as characterizing petitioner's claim as a contract dispute rather than a claim of constitutional deprivation, and cites a recent decision by a Kansas district court judge who stated the Program Agreement "is not a contract in the true sense of the word."[1]

Petitioner's motion to reopen his case is liberally construed as a motion under Fed.R.Civ.P. 60(b)(6) which provides relief for "any other reason justifying relief from the operation from the judgment."   Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991).   Such extraordinary relief, however, may only be granted in exceptional circumstances.   Ackermann v. United States, 340 U.S. 193, 199 (1950); Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000).

The information provided in the present motion constitutes no such exceptional circumstance, and wholly fails to undermine the court's decision to deny petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.

Additionally, in the context of habeas corpus, a Rule 60(b) motion attempting to relitigate an issue previously decided on the merits is subject to being summarily dismissed as a second or

---

[1]Kansas appellate records suggest that petitioner's appeal in that state court action may be currently pending before the Kansas Court of Appeals (Appeal No. 10133).

successive petition.[2] <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, <u>Schlup v. Delo</u>, 513 U.S. 298, 319 n.4 (1995), consideration of successive habeas claims on the merits is foreclosed unless required by the ends of justice, <u>George v. Perrill</u>, 62 F.3d 333, 334 (10th Cir. 1995).

These are showings petitioner has failed to make in the present case.   Although petitioner highlights a court decision rendered after his petition was dismissed, the specific language cited by petitioner is neither material nor controlling as to this court's disposition of petitioner's habeas application.   Finding nothing in petitioner's motion to suggest further consideration of the merits of his claim would be required to serve the ends of justice, the court concludes the motion should be dismissed.[3]

_____

[2]28 U.S.C. § 2244(a)("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus...""").

[3]The Tenth Circuit has not yet decided whether a federal petitioner's motion for relief under Fed.R.Civ.P. 60(b) in a § 2241 action should be treated as a second or successive habeas petition requiring preauthorization by the Circuit under 28 U.S.C. § 2244(a). <u>See</u> <u>Ackerman v. Novak</u>, 483 F.3d 647, 649-50 (10th Cir. 2007)(noting but not deciding whether the appellate pre-authorization gatekeeping requirement of § 2244(a) applies to 60(b) motions in § 2241 cases filed by federal prisoner).
    Where, as in the present case, the § 2241 petitioner is a state prisoner, application of the appellate preauthorization requirement is unsettled as well. <u>See</u> <u>Farnham v. Wyoming Dept. of Corrections</u>, <u>2009 WL 2096298</u>, *3 (10th Cir. 2009)(unpublished)("it remains unsettled whether a [state] prisoner may file a second or successive writ of habeas corpus pursuant to § 2241 without appellate court

IT IS THEREFORE ORDERED that petitioner's motion to reopen his case (Doc. 8), is dismissed.

**IT IS SO ORDERED.**

DATED:  This 30th day of September 2009 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

preauthorization")(*citing* Ackerman).

Even if the appellate preauthorization requirement were to apply, however, the court finds transfer of this matter to the circuit court would not be in the interests of justice. *See* In re. Cline, 531 F.3d 1249, 1252-53 (10th Cir. 2008).